UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDDIEL ROSADO,

      Petitioner,

v.                                    Case No.:  2:19-cv-524-FtM-38MRM

STATE OF FLORIDA and
SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,

      Respondents.
_____/

## **OPINION AND ORDER**[1]

      Before the Court is Petitioner Eddiel Rosado's Motion for miscellaneous relief, specifically to place habeas corpus on hold (Doc. 7) and Respondent Secretary of the Department of Corrections response in opposition. (Doc. 14). Respondent supplemented the response (Doc. 17) and Petitioner filed a reply brief. (Doc. 19). For these reasons, the Court denies the Motion.

      Petitioner, an inmate in the Florida Depart of Corrections, filed his Petition for Writ of Habeas Corpus (Doc. 1) on July 29, 2019. A jury found Petitioner guilty of two counts of aggravated battery with a deadly weapon and a single count of felony battery. The State Court sentenced Petitioner to 180 months on each count of aggravated battery and sixty months on the felony battery count. Each sentence to run concurrently.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Petitioner filed a Rule 3.850 motion for post-conviction relief raising eight grounds. The Post-Conviction Court denied some as facially insufficient and denied the remaining grounds after a hearing. Petitioner then appealed to the Second District Court of Appeal but raised none of the claims raised in his Rule 3.850 motion. Instead, Petitioner raised an issue on unrelated DNA testing, which was denied. Petitioner then file this Petition raising five grounds:

1. Trial Counsel was ineffective for failing to test a baseball bat for DNA;
2. Trial Counsel was ineffective for failing to object to statements by the victim on confrontation grounds where the victim did not testify;
3. Trial Counsel was ineffective for failing to object to hearsay testimony;
4. Double jeopardy was violated where Petitioner was convicted of felony battery and aggravated battery with a deadly weapon;
5. Trial Prosecutor committed misconduct where he intimidated and threatened the victim and caused the victim to flee which prevented Petitioner from confronting his accuser.

(Doc. 1). Petitioner raised these claims in his 3.850 motion for post-conviction relief, but all were denied. Petitioner did not appeal. Thus, all of Petitioners claims are unexhausted. On February 18, 2020, Petitioner filed a second Rule 3.850 motion in State Court. Petitioner moves for a stay or abeyance of this Petition until his second Rule 3.850 motion is exhausted in State Court.

In *Rhines v. Weber,* the United States Supreme Court determined that a district court may "stay and abey" an unexhausted habeas petition. 544 U.S. 269, 278 (2005). That said, the Court explained that stay and abeyance should only be allowed in limited circumstances and is appropriate only if there was good cause for the petitioner's failure to exhaust his claims in state court and if the petitioner's unexhausted claims are

potentially meritorious. *Id.* at 277–78. The Court further determined that a district court should not stay a case when it would undermine § 2254's mandatory two-step process of exhausting state court remedies before pursuing federal habeas relief. "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* at 277.

Petitioner filed a second Rule 3.850 motion in the State Court six months after he filed this Petition. Now he moves the Court to hold this Petition in abeyance until the State Court decides the second Rule 3.850 motion. Petitioner had two years after mandate issued on his direct appeal to file a second Rule 3.850 motion in the State Court. Fla. R. Crim. P. 3.850(b). Mandate issued in April 2015 and Petitioner did not file his second Rule 3.850 motion until February 18, 2020. (Doc. 19 at 3). In short, Petitioner's claims appear to be procedurally barred as untimely in the State Court. And Petitioner may not raise procedurally barred claims in federal habeas proceedings. *See Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001) ("If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established.").

Petitioner offers no reason for his failure to timely exhaust his state court remedies, and he does not show the necessary good cause to excuse his failure. As a result, the motion for a stay is due to be denied. See *Rhines,* 544 U.S. at 278.

Accordingly, it is now

**ORDERED:**

Petitioner Eddiel Rosado's Motion for miscellaneous relief, specifically to place habeas corpus on hold (Doc. 7) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of June 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: All Parties of Record