UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDDIEL ROSADO,

    Petitioner,

v.                                        Case No: 2:19-cv-524-SPC-MRM

STATE OF FLORIDA and
SECRETARY OF THE
FLORIDA DEPARTMENT OF
CORRECTIONS,

    Respondents.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Eddiel Rosado's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Doc. 1).

## **Background**

Eddiel Rosado is a state prisoner confined at Blackwater River Correctional Facility in Milton, Florida. In 2013, the State investigated and charged Rosado with four counts arising from domestic violence incidents. A jury convicted Rosado of two counts of aggravated battery with a deadly weapon and one count of felony battery. (Doc. 25-2 at 436). The trial court

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

sentenced him to concurrent sentences of 180 months in prison for aggravated battery and 60 months in prison for felony battery. (Doc. 25-2 at 461-63).

Rosado appealed on two grounds:

(1) The trial court should have granted defense counsel's motion for judgment of acquittal as to counts II and IV because the state failed to prove that the victim sustained her injuries during separate incidents;
(2) The trial court erred in allowing inadmissible hearsay contained in the medical record of the victim's treatment.

(Doc. 25-2 at 475-89). The Second District Court of Appeal of Florida (2nd DCA) affirmed without a written opinion on January 30, 2015. (Doc. 25-2 at 504).

Two months later, Rosado filed a petition for writ of habeas corpus. (Doc. 25-2 at 510-14). Rosado claimed his appellate counsel was ineffective for failing to argue that his convictions for two counts of aggravated battery with a deadly weapon violated double jeopardy. The 2nd DCA denied the petition without a written opinion. (Doc. 25-2 at 516).

Rosado next moved to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800, arguing his sentence was excessive. (Doc. 25-2 at 520-31). The postconviction court denied the motion. (Doc. 25-2 at 670-71). Rosado did not appeal.

Rosado again petitioned the 2nd DCA for a writ of habeas corpus, alleging three grounds of ineffective assistance of appellate counsel: (1) failure to argue the conviction for an uncharged aggravated battery violated due

process; (2) failure to argue the jury verdict form was erroneous; and (3) failure to argue the convictions for aggravated battery and felony battery violated double jeopardy. (Doc. 25-2 at 675-707). The 2nd DCA denied the petition without a written opinion. (Doc. 25-2 at 709). It also denied rehearing. (Doc. 25-2 at 711).

After the denial, Rosado moved for postconviction DNA testing under Florida Rule of Criminal Procedure 3.853. (Doc. 25-2 at 713-18). Rosado claimed conducting DNA testing on an aluminum baseball bat would exonerate him of aggravated battery with a deadly weapon. The postconviction court denied the motion as facially and legally insufficient. (Doc. 25-2 at 720). The 2nd DCA affirmed. (Doc. 25-2 at 749).

At the same time, Rosado moved for postconviction relief under Florida Rule of Criminal Procedure 3.850 based on these claims:

- Trial counsel rendered ineffective assistance of counsel when he failed to have an aluminum baseball bat DNA tested
- Trial counsel rendered ineffective assistance of counsel when he failed to raise a confrontation clause objection to statements by the victim (who did not testify)
- Trial counsel rendered ineffective assistance of counsel when he failed to object to hearsay testimony at trial
- Trial counsel rendered ineffective assistance of counsel when he failed to inform the prosecutor that Rosado accepted the plea offer
- Trial counsel rendered ineffective assistance of counsel when he failed to move in limine to exclude unauthenticated text messages and transcripts of telephone calls from jail
- Cumulative effect of trial counsel's errors deprived Rosado of meaningful and competent counsel
- Double jeopardy was violated because Rosado was convicted and sentenced for two crimes with similar elements

- The prosecutor committed misconduct because he intimidated and threatened the victim, causing the victim to flee, which prevented Rosado from confronting his accuser

The postconviction court ultimately denied all claims. Rosado filed an untimely notice of appeal, then filed an appellate brief with the 2nd DCA that did not address any issues raised in the 3.850 Motion. (Doc. 25-3 at 410-68). Instead, Rosado filed a lightly edited version of his earlier brief challenging the denial of his 3.853 Motion requesting DNA testing of the bat. The 2nd DCA dismissed the appeal for lack of jurisdiction because Rosado did not timely file a notice of appeal. (Doc. 25-3 at 489).

Rosado constructively filed his federal habeas Petition on July 25, 2019. After filing his Petition, Rosado again moved for postconviction relief in state court and asked the Court to stay this case so he could exhaust his state remedies. (Doc. 7). The Court denied the request because his federal habeas grounds were unexhausted and procedurally barred. (Doc. 24).

## Applicable Habeas Law

### A. AEPDA

The Antiterrorism Effective Death Penalty Act (AEDPA) governs a state prisoner's petition for habeas corpus relief. 28 U.S.C. § 2254. Relief may only be granted on a claim adjudicated on the merits in state court if the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014). A state court's violation of state law is not enough to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 16 (2010).

**B. Exhaustion and Procedural Default**

AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of relief available under state law. Failure to exhaust occurs "when a petitioner has not 'fairly presented' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Pope v. Sec'y for Dep't. of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010)). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). And he must invoke "one complete round of the State's

established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Procedural defaults generally arise in two ways:

> (1) where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred; or (2) where the petitioner never raised the claim in state court, and it is obvious that the state court would hold it to be procedurally barred if it were raised now.

*Cortes v. Gladish*, 216 F. App'x 897, 899 (11th Cir. 2007). A federal habeas court may consider a procedurally barred claim if (1) petitioner shows "adequate cause and actual prejudice," or (2) if "the failure to consider the claim would result in a fundamental miscarriage of justice." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)).

## Discussion

Respondent concedes Rosado timely filed his petition, which raises five grounds. The first three allege ineffective assistance of trial counsel because of a failure to secure DNA testing, a failure to raise a Confrontation Clause objection to victim statements, and a failure to object to hearsay statements. In Ground 4, Rosado says his convictions violated double jeopardy. And in Ground 5, Rosado claims the prosecutor caused the victim to flee through intimidation and threats, preventing Rosado from confronting his accuser.

6

Rosado raised these five grounds in his 3.850 motion, and the postconviction court denied them. Rosado did not properly appeal that denial. The 2nd DCA dismissed the 3.850 appeal for lack of jurisdiction because Rosado's notice of appeal was untimely. And even if he had filed a timely notice, his appellate brief did not challenge the denial of these grounds.

Rosado did not invoke a "full round of the State's established appellate review process," so all five grounds are unexhausted. *O'Sullivan, supra*. And because the 2nd DCA denied relief based on a state procedural default principle, all five grounds are procedurally barred on federal habeas review. *See Cortes, supra*. Rosado has not shown adequate cause for his procedural default, nor has he shown any likelihood of a fundamental miscarriage of justice.

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. Rosado did not comply with this procedural requirement. The Court denies all grounds of Rosado's Petition.

## DENIAL OF CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue…only if the applicant has made a substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell,* 537 U.S. 322, 335–36 (2003) (citations omitted). Rosado has not made the requisite showing here and may not have a certificate of appealability on any ground of his Petition.

Accordingly, it is now

**ORDERED:**

Eddiel Rosado's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 30, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record